UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUDDY SELBY and VANESSA SELBY<br><br>Plaintiffs,<br><br>v.<br><br>FOREMOST SIGNATURE INSURANCE COMPANY, a Michigan Stock Company, MOORE CUSTOM HOMES, INC., a Washington Corporation, and GREAT AMERICAN INSURANCE COMPANY BOND NUMBER 2493551,<br><br>Defendants. | NO.  CV-10-337-EFS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ACTION TO SPOKANE COUNTY SUPERIOR COURT AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT** |

    Before the Court, without oral argument, is Plaintiffs Buddy and Vanessa Selby's Motion to Remand Action to Spokane County Superior Court (ECF No. 10) and Defendant Foremost Insurance Company's ("Foremost Insurance") Motion to Strike Plaintiffs' Fourth Amended Complaint against Foremost and Moore Custom Homes and Great American Insurance Bond Number 2493551 (ECF No. 11).  After reviewing the submitted material and applicable legal authority, the Court is fully informed and grants Plaintiffs' motion to remand and denies Defendant Foremost Insurance's motion to strike.

ORDER ~ 1

**A.  BACKGROUND**

On April 26, 2010, Plaintiffs Buddy and Vanessa Selby, Washington residents, filed an action in Spokane County Superior Court,[1] seeking damages for alleged damage to their Spokane-Valley home's roof. The Complaint asserted claims against Atwood Roofing and Old Republic Insurance Company Bond No. YL126353 ("Old Republic"). (ECF No. 13-1, Ex. A.)  On July 30, 2010, Plaintiffs filed a First Amended Complaint, adding Foremost Insurance as a defendant.  *Id*. Ex. B.  Plaintiffs amended their complaint again on August 2, 2010, without adding defendants.  *Id*. Ex. C.  Then, on September 28, 2010, Plaintiffs filed a Third Amended Complaint, dismissing Atwood Roofing and Old Republic. *Id*. Ex. D.

On September 29, 2010, the only remaining defendant, Michigan-company Foremost Insurance, removed the action to this Court based on federal diversity jurisdiction.

In October 2010, Plaintiffs discovered that a Moore Custom Homes, Inc. ("Moore Custom Homes") employee had failed to reconnect a dryer vent in their laundry room while repairing their water-damaged bathroom in December 2009.  A mold expert who was hired by Plaintiffs found critically high levels of mold spores and, based on a Foremost Insurance-funded inspection, Plaintiffs believe that improper ventilation in the laundry room was a proximate cause of the claimed damages.  As a result, Plaintiffs filed a Fourth Amended Complaint (ECF

---

[1] That case was filed under the Spokane County Superior Court cause number 2010-02-011645-1.

ORDER ~ 2

Nos. 6 & 9) in this Court, adding Moore Custom Homes, a Washington corporation, and its bonding company, Great American Insurance Company Bond Number 2493551 ("Great American"), as defendants.  The Fourth Amended Complaint alleges that Moore Custom Homes did not adequately perform and complete the bathroom repair and that the damage resulted from a "covered event" under the Foremost Insurance policy.  This was the first amended complaint filed in federal court after Foremost Insurance removed the action.

### B.  ANALYSIS

Plaintiffs move to remand this case to state court because, after joinder of Moore Custom Homes and Great American as defendants, complete diversity is lacking.  Foremost Insurance opposes the motion, arguing that Plaintiffs' joinder of nondiverse parties in its Fourth Amended Complaint, which Foremost Insurance agrees removes this court's jurisdictional basis, was improper because Plaintiffs did not seek leave of court.

As an initial matter, the Court concludes that removal was proper because complete diversity existed at the time of removal: Plaintiffs are Washington residents while Foremost Insurance, the only defendant at the time of removal, is a Michigan stock company.  *See* 28 U.S.C. § 1441(a) (recognizing that an action filed in state court may be removed only if the federal district court has original jurisdiction); *id*. § 1332(a) (defining diversity jurisdiction as having an amount in controversy exceeding $75,000 and between citizens of different states); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (requiring complete diversity of citizenship); *Yniques v. Cabral*, 985

ORDER ~ 3

F.2d 1031, 1035-36 (9th Cir. 1993) (recognizing that a federal court loses diversity jurisdiction when nondiverse party is joined or intervenes in the action). Having found that removal was proper, the Court addresses first whether Plaintiffs properly amended as a matter of right, and second, whether that amendment adding two nondiverse parties requires remand.

**1.  Foremost Insurance's Motion to Strike**

Foremost Insurance argues that Plaintiffs were required to seek leave of court before adding Moore Custom Homes and Great American as defendants because this was their Fourth Amended Complaint. Plaintiffs counter that the Fourth Amended Complaint was actually the first complaint filed in federal court, and thus was properly filed without the Court's approval. The Court finds that Plaintiffs properly filed their Fourth Amended Complaint without leave of court.

Federal Rule of Civil Procedure 15 addresses amendments to pleadings and permits a party "to amend its pleading once as a matter of course" within 21 days after serving it or 21 days of service of an answer. Fed. R. Civ. P. 15(a)(1) (2010). In all other cases, a party may amend its complaint only by leave of court or by written consent of the adverse party; leave shall be freely given when justice so requires. *Id.* at 15(a)(2). Because the Federal Rules govern civil actions removed from a state court after removal, *id.* at 81(c), "[a]mendment of a pleading after removal is allowed if the amendment would have been permitted had the suit originated in federal court." 3-15 Moore's Federal Practice - Civil § 15.16[5] (2010) (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451-52 (1943). Accordingly, following removal, a

ORDER ~ 4

party may amend its pleading as a matter of course within twenty-one (21) days of service of defendant's answer.

Here, Foremost Insurance filed its Answer (ECF No. 4) on October 20, 2010. Plaintiffs filed their Fourth Amended Complaint, the first amended complaint in federal court, on November 10, 2010, and within twenty-one (21) days after Foremost Insurance's Answer, the first answer in either court. Thus, Plaintiffs were not required to seek leave of court before adding Moore Custom Homes and Great American. Accordingly, Foremost Insurance's motion to strike is **DENIED**.

**2.   Plaintiffs' Motion to Remand**

Foremost Insurance argues that Plaintiffs' addition of two nondiverse parties after Foremost Insurance removed the action to federal court was done solely to destroy diversity jurisdiction. Plaintiffs maintain that they did not discover Moore Custom Homes' alleged negligence until October 2010, after Foremost Insurance removed this action to federal court, and thus did not add those parties solely to destroy diversity.

The Court finds that Plaintiffs' addition of two nondiverse defendants after removal was not improper and requires remand to state court. Post-removal joinder of nondiverse defendants, even those that are not indispensable, destroys diversity jurisdiction and requires remand. *See* 16-107 Moore's Federal Practice - Civil § 107.14[2](c) (2010) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-678 (5th Cir. 1999). This allows plaintiffs to reinstate their initial choice of forum. *See* 28 U.S.C. § 1447(e).  Here, Plaintiffs added two nondiverse parties, Moore Custom Homes and Great American, after Foremost Insurance

ORDER - 5

properly removed this action to federal court. The addition of these parties destroyed the complete diversity necessary for this Court to maintain jurisdiction. The Court finding no evidence that Plaintiffs' claims against Moore Custom Homes and Great American are without merit,[2] the Court **GRANTS** Plaintiffs' motion and **REMANDS** this action to Spokane County Superior Court.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Remand Action to Spokane County Superior Court **(ECF No. 10)** is **GRANTED**.

2. Defendant Foremost Insurance Company's Motion to Strike The Selbys' Fourth Amended Complaint against Foremost and Moore Custom Homes and Great American Insurance Bond Number 2493551 **(ECF No. 11)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to:

1. Enter this Order;

2. Provide copies of this Order to counsel;

3. Provide a certified copy of this Order to the **Clerk of the Spokane County Superior Court of the State of Washington,** Civil Cause No. 2010-02-011645-1;

---

[2] There is no evidence indicating that Plaintiffs amended their complaint in bad faith or for an improper purpose: Plaintiffs discovered the facts underlying their negligence claim against Moore Custom Homes and its bonding company, Great American, after removal, and those facts and legal issues overlap with their claims against Foremost Insurance.

ORDER - 6

4. **REMAND THIS CASE** to the Spokane County Superior Court of the State of Washington; and

5. **CLOSE THIS FILE**.

**DATED** this   4th   day of January 2011.


                            S/ Edward F. Shea
                           EDWARD F. SHEA
                     UNITED STATES DISTRICT JUDGE

Q:\Civil\2010\337.remand.strike.wpd

ORDER - 7